204 P.2d 434

Application of JOHNSTON.
JOHNSTON v. PLEASANT VALLEY IRR. CO., LIMITED.
No. 7456.

Supreme Court of Idaho.
March 15, 1949.

Rehearing Denied April 11, 1949.

140

Wm. A. Johnston, E. G. Elliott and Charles S. Stout, all of Boise, for appellant.

Edwin Snow, Davison & Davison and Robert H. Copple, all of Boise, for respondent.

PORTER, Justice.

The respondent, Pleasant Valley Irrigation Company, Ltd., is a mutual irrigation corporation. It has 1521 shares of capital stock issued and outstanding. It owns, maintains and operates a small reservoir in Ada County, Idaho. It collects and stores water in its reservoir and distributes the same through its system of ditches and canals to its shareholders for irrigation and domestic use. The principal source of water supply for such reservoir is Ten Mile Creek, sometimes known as Black's Creek. The water supply consists largely of early spring flood water. Usually the flow in Ten Mile Creek ceases to reach the reservoir sometime between the last of March and the first of May.

For several years prior to 1946, one Erl Harris was the owner of 200 shares of the capital stock of the respondent. The water represented by this stock was originally allotted to lands immediately below the reservoir. However, in 1944 and 1945, Harris having acquired lands lying some nine or ten miles below the reservoir, attempted to use such water, with indifferent success, upon such lands.

On February 9, 1946, the appellant purchased from one Oliver Lord what is known in these proceedings as the Lord ranch, ly-

ing approximately four miles above respondent's reservoir and adjacent to Ten Mile Creek. By a decree of court entered in 1939, the respondent was awarded 1300 miner's inches of the waters of Ten Mile Creek with various dates of priority, together with storage rights of 7900 acre feet. The Lord ranch was likewise awarded 95 miner's inches of such waters; and there was also awarded to such ranch the use of the water remaining in the creek after it breaks and no longer reaches the reservoir.

On June 15, 1946, the appellant purchased 100 shares of the capital stock of the respondent from the said Erl Harris. Appellant claims that he commenced diverting the water represented by such 100 shares from the natural flow of Ten Mile Creek in the spring of 1946 before the actual purchase of the stock was consummated; and that he likewise diverted such water in the spring of 1947. This diversion was at a point some four miles above the reservoir and was for use on the Lord ranch. The respondent levied its regular maintenance assessments for the years 1946 and 1947 upon all its stock, and such assessments were paid by the appellant.

On June 3, 1947, the appellant filed an application with the Department of Reclamation for change of point of diversion and place of use of the water represented by such 100 shares of stock; the new point of diversion to be on Ten Mile Creek some four miles above the reservoir and the new

place of use to be on the Lord ranch. Such application was duly advertised for hearing and the respondent appeared in protest thereto. A hearing was duly had before the State Reclamation Engineer and the application denied. The appellant thereupon appealed to the District Court of the Third Judicial District of the State of Idaho, in and for Ada County. Thereafter a trial was duly held in said District Court upon the issues made by the petition on appeal and respondent's answer thereto. At the close of appellant's testimony, the respondent made a motion for nonsuit. The court sustained the motion for nonsuit and entered an Order of Dismissal which reads in part as follows:

" * * * and it appearing to the Court at the conclusion of petitioner's proof in support of said petition and from said petition that the water right sought to be transferred in this proceeding is represented by shares of stock in objector, Pleasant Valley Irrigation Company, Ltd., a mutual cooperative irrigation company; and that the lands to be irrigated after the proposed transfer cannot be irrigated through the irrigation system of said objector corporation, and that the latter has not consented to such change of point of diversion and place of use of said water right, * * *."

Judgment was entered for the respondent, dismissing such appeal and awarding costs to respondent. From such judgment the appellant has appealed to this court.

Section 41-108, I.C.A., as amended by Chapter 53, Session Laws of 1943, reads as follows:

"41-108. Change in Point of Diversion and Place of Use.—The person entitled to the use of water or owning any land to which water has been made appurtenant either by a decree of the court or under the provisions of the Constitution and statutes of this state, may change the point of diversion, and/or may voluntarily abandon the use of such water in whole or in part on the land which is receiving the benefit of the same and transfer the same to other lands, if the water rights of others are not injured by such change in point of diversion or place of use, provided; if the right to the use of such water, or the use of the diversion works or irrigation system is represented by shares of stock in a corporation, no change in the point of diversion or place of use of such water shall be made or allowed *without the consent of such corporation, except to lands which may be irrigated through the same system,* and provided further, that the provisions of this act shall have no application to irrigation systems operating under the provisions of the act of Congress of the United States known as the Carey Act." (Emphasis supplied.)

The amendment of said section by Chapter 80, Session Laws 1947, by including irrigation districts is not involved in this case.

The record does not show and it is not urged that the actual consent of the respondent to the proposed changes was ever obtained. Appellant is forced to rely upon implied consent allegedly arising from assessment and collection of maintenance charges by respondent, and use of the water by appellant, for the years 1946 and 1947. The assessment and collection of maintenance charges upon all its capital stock was the right and duty of the respondent. There was no delivery of water through the system of the respondent to the appellant. The record does not reveal any knowledge by the respondent of, or acquiescence in, the action of the appellant in diverting any water from Ten Mile Creek other than under his decreed rights. The record is not such as to disclose any implied consent on the part of the respondent.

The appellant seeks to avoid the effect of the absence of consent by respondent, by attacking the constitutionality of said Section 41-108, as amended. Appellant first contends that said section provides for the taking of property without due process of law and is therefore in contravention of Amendment XIV of the Constitution of the United States and Article I, Section 13, of the Constitution of the State of Idaho.

Article XV, Section 1 of the Constitution of Idaho declares the use of water "to be a public use, and subject to the regulation and control of the state in the manner prescribed by law." Pursuant to this provision, the Legislature has enacted various statutes regulating and controlling the appropriation and use of water. The above Section 41-108, as amended, is one of such statutes.

In Washington State Sugar Co. v. Goodrich, 27 Idaho 26, 147 P. 1073, 1078, this court in discussing the right to change the point of diversion, quotes with apparent approval from Farmers' High Line Canal & Reservoir Co. v. Wolff, 23 Colo.App. 570, 131 P. 291, as follows:

"Where the right to change the point of diversion exists, it is a property right, incident to the water right itself; but it is a conditional right (therefore doubtful and questionable), and does not exist at all, as an incident or otherwise, unless it can be exercised without injury to other vested rights; nor can it be exercised until permission has been obtained in a proceeding of this character."

Our Legislature has enacted statutes providing a method for the changing of the point of diversion and place of use of water allowed by Section 41-108, as amended. Under such statutes, the water user must make application to the Department of Reclamation for permission to make the proposed change. Statutory notice must be given and a hearing duly held before the State Reclamation Engineer. Due process of law is thus afforded to the water user on his application.

■ Appellant apparently contends that he is deprived of his right to change his point of diversion and place of use without due process of law because the statutes do not provide for a hearing by the corporation before giving or withholding its consent. It is recognized that a stockholder in a mutual irrigation corporation has a right peculiar to such corporations in that he may have distributed to him and use his proportionate share of the waters belonging to or distributed by such corporation. However, such a corporation has the usual rights pertaining to corporations with reference to the handling of its affairs and in dealing with its stockholders.

■ It does not seem debatable that the action of a corporation in such matters is not dependent upon a prior hearing and due process of law such as is required before an administrative board or officer. In the absence of a statute to the contrary, the respondent had a right to refuse to consent to the proposed transfer without first holding a hearing thereon.

■ Appellant next contends that Section 41-108, as amended, constitutes a delegation of legislative power to the corporation. Appellant cites a number of cases dealing with statutes providing that the consent of adjacent or neighboring property owners must be obtained before certain structures can be erected, or certain businesses conducted, in a neighborhood. However, such authorities are not controlling here as there is no analogy between the relation of a property owner to his neighbors and the relation existing between a stockholder and his corporation. The refusal of a corporation to permit one of its shareholders to substantially withdraw from the corporation and change his relationship to the other stockholders without its consent,

does not involve legislative power but is concerned with the internal affairs of the corporation.

Nowhere in the cited statutes or decisions or elsewhere have we been able to find any recognition of a right on the part of a shareholder in a water corporation to change his point of diversion and place of use, *without the consent of the corporation,* to a place where he could not be served by the irrigation system of the corporation. The exercise of such a right would tend to disrupt the unity of the corporation and to impair the very purpose for which the same was formed. Carried to excess, it would destroy the usefulness of the corporation. This is especially illustrated by this instant case where the appellant seeks to convert his pro-rata share in storage waters into a right to divert and use the natural flow of the stream before the same reaches the reservoir and at a place entirely outside the distribution system and beyond the control of the respondent; thus taking from the respondent its right of distribution and placing such distribution under the control of the State Reclamation Engineer.

■ Finally, the appellant contends that Section 41-108, as amended, makes an arbitrary discrimination between ordinary water corporations and Carey Act corporations. 43 U.S.C.A. § 641. It is very apparent that the reason Carey Act companies were not included in Section 41-108, as amended, was because the transfer of Carey Act water rights was already covered by Chapter 21, Title 41, I.C.A. Said chapter provides for the transfer of place of use of water to other land which "can be served and irrigated by the same Carey act irrigation system" ; and details the procedure for making such transfer. Such chapter does not deal with or recognize transfers to land which cannot be served by the same Carey Act irrigation system; and is not authority for such transfers without the consent of the company.

In the case of ordinary water corporations the statutes likewise provide a method for the change of place of use to other lands which can be served through the same distribution system; and only require consent of the corporation when the proposed change is to lands outside the distribution system of the corporation. Thus it appears that the right of transfer under both classes of irrigation corporations is substantially the same.

In any event, the origin and purpose of Carey Act companies are distinct from those of ordinary water corporations. They are the result of statutory and contractual relations between the Federal Government, the State of Idaho, and the construction companies, providing for the permanent reclamation of arid lands belonging originally to the Federal Government. They have been generally recognized by the statutes and by the court as forming a distinct class of water corporations.

■ Appellant further urges that there has been a dedication of the water in ques-

tion to the lands in the Lord ranch under Section 4, Article XV, of the Constitution. Such section provides in effect that if there once has been a sale, rental or distribution of water for use upon lands, that the same constitutes a dedication of the water to such land and that the owner or distributor of such water cannot thereafter refuse to distribute the water to such land upon tender of the proper charges therefor. In the instant case, however, there was no sale of the water for use upon the Lord ranch and no distribution to said ranch through the system of respondent. Any use of the water in question on the Lord ranch in the years 1946 and 1947 came about through a wrongful diversion and use by the appellant without the knowledge and consent of the respondent. Such use cannot be made the basis of the dedication provided for in the Constitution.

It thus appears that the appellant did not have the consent, either express or implied, of the respondent to make the proposed change of point of diversion and place of use; that such consent is a prerequisite under Section 41-108, I.C.A., as amended, to the granting of permission to make such change; that such section is not unconstitutional; and that there has been no dedication of the water to the land in the Lord ranch. Such facts constitute a bar to appellant's application to change point of diversion and place of use. It is, therefore, unnecessary to discuss other aspects of the case and the questions raised thereon by appellant's assignments of error. The judgment of the trial court is affirmed. Costs awarded to respondent.

HOLDEN, C. J., GIVENS, J., and SUTPHEN and SUTTON, District Judges, concur.